UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| VICOR CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>DELTA ELECTRONICS, INC., DELTA ELECTRONICS (AMERICAS) LTD.<br><br>    Defendants. | Civil Action No.<br><br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which Vicor Corporation makes the following allegations against Defendants Delta Electronics, Inc. and Delta Electronics (Americas) Ltd., each of whom is a manufacturer and/or distributor who, without authority, makes, imports, uses, offers for sale, and/or sells in the United States certain power converters, circuit board assemblies, and computing systems containing the same that infringe U.S. Patent No. 12,395,087 ("the '087 Patent").

## PARTIES

### Vicor

1.    Plaintiff Vicor Corporation ("Plaintiff" or "Vicor") is a Delaware corporation with its principal place of business at 25 Frontage Road, Andover, MA 01810. Vicor is a NASDAQ-listed public company that was founded in 1981 by Dr. Patrizio Vinciarelli in Massachusetts. Dr. Vinciarelli, the lead inventor of the patent asserted in this Complaint, remains Vicor's CEO to this day. Headquartered in the United States, Vicor is a leading provider of high-performance power modules and systems for use in advanced computing applications—like powering advanced

processors in server motherboards, artificial intelligence accelerator cards and systems, and server rack power conversion for use in datacenters. Vicor is the owner of all rights, title, and interest in and to the Asserted Patent.

### **Delta Defendants**

2. On information and belief, Defendant Delta Electronics, Inc. is organized under the laws of Taiwan with its principal place of business at 186, Ruey Kuang Road, Neihu District, Taipei 114501, Taiwan, and is the parent corporation of the Delta Electronics brand. Delta Electronics, Inc. describes itself on its website as "a global provider of power and thermal management solutions." *Delta Profile*, Delta Electronics, https://www.deltaww.com/en-US/about/Delta-Profile [https://perma.cc/9LTG-K3UC] (last visited Dec. 26, 2025). This includes developing "a variety of high efficient, high power density … DC/DC converters." *Delta Electronics, Inc. 2024 Annual Report*, 126 (March 31, 2025) https://filecenter.deltaww.com/IR/download/annual_report/2024annual.pdf [https://perma.cc/S489-SALL]. Delta Electronics Inc.'s "Power Electronics Business" is one of its "core business categories." *Id*. at 3. On information and belief, Delta Electronics, Inc. makes, uses, offers to sell, and/or sells within the United States, and/or imports into the United States, the accused Delta products. On information and belief, Delta Electronics Inc. does business itself, or through its subsidiaries, affiliates, and agents, in the State of Texas and the Eastern District of Texas, including Delta Electronics (Americas) Ltd.

3. Delta Electronics, Inc. has a large network of foreign and domestic subsidiaries that are wholly owned (directly or indirectly) and/or controlled by Delta Electronics, Inc. *See Delta Electronics, Inc. and Subsidiaries Consolidated Financial Statements and Independent Auditors' Review Report* ("Delta Financial Report") *September 30, 2025 and 2024*, 16–27 (2025)

https://filecenter.deltaww.com/ir/download/financial_report/Q32025_eng_Consolidated%20Financial%20Report.pdf [https://perma.cc/9DAE-NUTZ]. Delta Electronics, Inc. exercises a substantial degree of control over these entities, including by setting employment and personnel policies for "all Delta employees, subsidiaries, business partners, suppliers, and contractors" and setting information security policies for all members of the "Delta Group." Delta 2024 Annual Report, *supra*, at 144–145, 147. Mark Ko, the Vice-Chairman of Delta Electronics, Inc., "is responsible for managing Delta's related companies." *Id.* at 10. Delta Electronics, Inc. enjoys substantial business advantages by directing and controlling these subsidiaries and affiliates' conduct with respect to the Delta brand and Delta products, including the Delta products accused here. The Complaint uses "Delta" and "Delta Defendants" to refer collectively to Delta Electronics, Inc. and its named subsidiary Delta Electronics (Americas) Ltd., described further below.

    4.  On information and belief, Defendant Delta Electronics (Americas) Ltd. is organized under the laws of California, has its principal place of business at 46101 Fremont Blvd., Fremont, CA 94538, and conducts significant business activities at 810 Hesters Crossing, Suite #150, Round Rock, Texas 78681. *Global Operations, Americas*, Delta Electronics, https://www.deltaww.com/en-US/about/Global-Operations [https://perma.cc/X52W-2PSW] (last visited Dec. 22, 2025). It also establishes a physical, regular, and established place of business in in Plano, Texas by hiring on-site employees in Plano, Texas. *See* LinkedIn, https://www.linkedin.com/jobs/search/?currentJobId=4342811641&geoId=100517351&keywords=delta%20electronics&origin=JOB_SEARCH_PAGE_SEARCH_BUTTON&refresh=true (last visited Dec. 22, 2025). Delta Electronics (Americas) Ltd. is a wholly owned subsidiary of Delta Electronics, Inc. Delta Financial Report, *supra*, at 16, 20 (Delta Electronics (Americas) Ltd. is

wholly owned by Delta America Ltd., which in turn is wholly owned by Delta Electronics Inc. and Delta International Holding Limited B.V. (DIH), the latter of which is itself wholly owned by Delta Electronics Inc.). On information and belief, Delta Electronics (Americas) Ltd. makes, uses, offers to sell, and/or sells within the United States, and/or imports into the United States, the accused Delta products, including through activities at its location in Round Rock, Texas and connection to Plano, Texas.

5. On information and belief, the Delta Defendants do business themselves, and/or through their subsidiaries, affiliates, and agents in the State of Texas and the Eastern District of Texas, including through their wholly owned subsidiary Delta Electronics (Americas) Ltd, which conducts significant business at 810 Hesters Crossing, Suite #150, Round Rock, Texas 78681. Delta Electronics (Americas) Ltd. also conducts significant business in Plano, TX. *See* LinkedIn, https://www.linkedin.com/jobs/search/?currentJobId=4342811641&geoId=100517351&keyword s=delta%20electronics&origin=JOB_SEARCH_PAGE_SEARCH_BUTTON&refresh=true (last visited Dec. 22, 2025) (showing that Delta is hiring on-site positions in Plano, TX). On information and belief, Delta has many employees based in, and does business across, the State of Texas, including at these locations.

6. On information and belief, Delta makes, uses, offers to sell, sells, and/or imports in/into the State of Texas and the Eastern District of Texas certain power converters, circuit board assemblies, and/or computing systems that infringe the '087 Patent, contributes to such patent infringement by making, using, selling, offering to sell within the United States, or importing into the United States power converters, circuit board assemblies, and/or computing systems that incorporate or constitute a material part of the inventions claimed, and/or induces others to commit acts of patent infringement in the State of Texas and the Eastern District of Texas, as described

further herein.

7. On information and belief, the Delta Defendants themselves, and/or through their subsidiaries, affiliates, and agents, have placed the accused Delta products into the stream of commerce throughout the State of Texas and/or in the Eastern District of Texas, including via Delta locations at, *e.g.*, 601 Data Drive, Plano, TX 75075 and 810 Hesters Crossing, Suite #150, Round Rock, Texas 78681. On information and belief, these locations are regular, continuous, and established physical places of business of Delta that operate under the Delta brand name and trademark and at the instructions, direction, and control of Delta Electronics, Inc.

8. Through offers to sell, sales, importations, and/or related agreements with affiliates, distributors, and customers operating in and maintaining a significant business presence in the U.S. and/or via their subsidiaries maintaining such a presence, including via owned (directly or indirectly), consolidated, and controlled subsidiaries such as Delta Electronics (Americas) Ltd., the Delta Defendants conduct significant business in the United States, the State of Texas, and in this District.

## JURISDICTION AND VENUE

9. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

10. Defendants conduct business on a systematic and continuous basis within the United States, including the State of Texas and this judicial district.

11. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)–(c) and 1400(b) either because (A) the Defendant is a foreign corporation who is not a resident of the United States, and thus is subject to venue in any judicial district, including this District; or (B) the Defendant

resides in this District and/or has committed acts of infringement in this District and has a regular and established place of business in this District.

12. This Court has personal jurisdiction over each Delta Defendant because each Defendant conducts business in, has committed acts of patent infringement in, has contributed to acts of patent infringement in, and/or induced others to commit acts of patent infringement in this District, the State of Texas, and elsewhere in the United States and has either (A) established minimum contacts with this forum state, pursuant to due process and the Texas Long Arm Statute, such that the exercise of jurisdiction over each Defendant would not offend the traditional notions of fair play and substantial justice, or, in the case of the foreign Delta Defendant, (B) pursuant to Fed. R. Civ. P. 4(k)(2), established minimum contacts with the United States as a whole, but not a single state, such that the exercise of jurisdiction over each Defendant would not offend the traditional notions of fair play and substantial justice.

13. On information and belief, the Delta Defendants conduct substantial business with entities and individuals in the State of Texas and the Eastern District of Texas by, among other things: (A) making, using, selling, offering to sell, and/or importing products that infringe the '087 Patent, both through their own infringing activities and those committed vicariously through and/or in concert with their alter egos, intermediaries, agents, distributors, importers, customers, subsidiaries, and/or consumers, which purposely avail the Delta Defendants of the privilege of conducting those activities in this state and this District; and (B) regularly doing or soliciting business in this District, providing service and support to their customers in this District, deriving substantial revenue from infringing goods offered for sale, sold, and imported in or to this District, and/or engaging in other persistent conduct targeting residents of Texas both through their own conduct and/or in concert with or through their alter egos, intermediaries, agents, distributors,

importers, customers, subsidiaries, and/or consumers.

14. For example, Delta Electronics Inc. is related to, owns, and/or controls consolidated subsidiaries that have a significant business presence in the United States and Texas and conduct activities through or in concert with these entities with respect to the accused products. For example, Delta Electronics (Americas) Ltd. conducts significant business activities at Delta facilities in Plano, Texas and Round Rock, Texas. Such presence furthers the development, design, manufacture, importation, distribution, sale, and/or use of the infringing Delta products in Texas. Through both their own direct conduct and their direction and control of their subsidiaries, affiliates, and partners, the Delta Defendants have committed acts of direct and/or indirect patent infringement within Texas, and elsewhere in the United States, giving rise to this action and/or have established minimum contacts with Texas such that personal jurisdiction would not offend traditional notions of fair play and substantial justice.

15. Further, on information and belief, each Delta Defendant utilizes established distribution channels to distribute, market, offer for sale, sell, and/or service infringing products directly to consumers in the United States and in Texas, including by offering such products for sale via its own websites. For example, Defendant Delta Electronics Inc.'s website provides links for consumers and professionals to access on-line stores operated by the "Delta Group," including, the website of Delta subsidiary and affiliate Cyntec Co. Ltd., which directs Delta customers to contact information for purchasing Delta power modules. *See Power Modules*, Delta Electronics, https://www.deltaww.com/en-us/Products/Power-Modules/ALL/ [https://perma.cc/Z749-D4LX] (last visited Dec. 26, 2025). As another example, the Delta Defendants also purposefully place infringing Delta products in established distribution channels in the stream of commerce by contracting with national retailers who sell Delta's products in the U.S., including in Texas. For

7

example, Delta and its subsidiary Cyntec Co. Ltd. use national distributor Digikey as a domestic retailer of Delta power module products. *See Cyntec/Delta Electronics*, DigiKey, https://www.digikey.com/en/supplier-centers/cyntec (last visited Dec. 26, 2025). On information and belief, Delta Electronics Inc., directly or through its subsidiaries and affiliates, contracts with these companies with the knowledge and expectation that the accused Delta products will be imported, distributed, advertised, offered for sale, sold, and/or serviced in the U.S. market.

16. Accordingly, each Delta Defendant places the accused power converters, circuit board assemblies, and/or computing systems containing the same into the stream of commerce via authorized and established distribution channels with the knowledge and expectation that they will be sold in the State of Texas, including in this District, and does not otherwise permit the sale of the accused power modules and power systems and/or products containing the same in the State of Texas, or in this District, outside of these established, authorized, and ratified distribution channels and networks.

17. Venue is proper in this District as to Delta Electronics, Inc., because it is a foreign entity and venue is proper in any judicial district. Venue is also proper in this District as to Delta Electronics (Americas) Ltd. because it publicly holds out a physical, regular, and established place of business in the District: 2925 E. Plano Parkway, Plano, TX 75074. *See Global Operations – USA*, Delta Americas, https://www.deltabreez.com/usa.php [https://perma.cc/QV7J-75GL] (last visited Dec. 26, 2025). It is also hiring in Plano, TX generally, possibly in connection with Delta Electronics (USA) Inc.'s Plano, TX presence at 601 Data Drive, Plano, TX 75075. *See* LinkedIn, https://www.linkedin.com/jobs/search/?currentJobId=4342811641&geoId=100517351&keywords=delta%20electronics&origin=JOB_SEARCH_PAGE_SEARCH_BUTTON&refresh=true (last visited Dec. 22, 2025).

## SINGLE ACTION

18. This suit is commenced against Defendants pursuant to 35 U.S.C. § 299 in a single action because (A) a right to relief is asserted against Defendants jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, and/or selling of the same accused products or processes, and (B) questions of fact common to all Defendants will arise in the action.

19. Plaintiff is informed and believes, and on that basis alleges, that each named Defendant manufactures, imports, uses, offers for sale, and/or sells the same products and processes accused in this action.

## THE ASSERTED PATENT

20. This action asserts causes of action for infringement of one or more claims of U.S. Patent No. 12,395,087 ("the '087 Patent"). U.S. Patent No. 12,395,087 is a valid and enforceable United States Patent. Vicor owns the entire right, title, and interest to the '087 Patent.

24. On August 19, 2025, the U.S. Patent and Trademark Office duly and legally issued the '087 Patent, which is entitled "Power Distribution Architecture with Series-Connected Bus Converter." Plaintiff holds all rights and title to the Patent, including the sole and exclusive right to bring a claim for its infringement. A true and correct copy of the Patent is attached. **Exhibit 1**.

25. The '087 Patent generally claims[1] Non-Isolated Intermediate Bus Architecture (IBA) power distribution using a class of fixed ratio converters ("NBMs") which are non-isolated. NBMs enable superior power system density and efficiency.

26. The below figures from the patent show Non-Isolated IBA power distribution using

---

[1] The Non-Technical Descriptions throughout the Complaint do not, and are not intended to, construe or limit the '087 Patent's scope or meaning.

the NBM to provide an intermediate bus to a multiplicity of regulators and a Sine Amplitude Converter ("SAC") embodiment of the NBM. The first image shows prior art Isolated IBA. The second image shows a functional block diagram of the NBM, replacing the isolated bus converter of IBA, to enable a Non-Isolated IBA power distribution architecture with higher efficiency and density. The third image shows an exemplary SAC embodiment of the NBM.







11

**FACTUAL ALLEGATIONS**

27. As referred to in this Complaint, and consistent with 35 U.S.C. § 100(c), the "United States" means "the United States of America, its territories and possessions."

28. Each Defendant does not have any right to practice the intellectual property protected by the '087 Patent.

29. Each Defendant makes, uses, imports, offers to sell, and/or sells in the United States products made in accordance with the '087 Patent—including, but not limited to, the Delta S54SS4P180PMDCF and circuit board assemblies and/or computing systems containing the same—and/or induces others to commit acts of patent infringement in the United States.

**COUNT I**

**INFRINGEMENT OF U.S. PATENT NO. 12,395,087**

30. Plaintiff repeats and incorporates by reference each preceding paragraph as if fully set forth herein and further states:

31. On information and belief, Delta makes, uses, offers to sell, and/or sells within the United States, and/or imports into the United States, certain Accused Products, such as the Delta S54SS4P180PMDCF, which directly infringe, literally and/or under the doctrine of the equivalents, at least claims 1, 2, 4, 9, 11, 13–19, 24, 25, 28–39, 41, 43–48, 60, 68–71, 73, 74, 76, 77, 80–83, and 94 of the '087 Patent in violation of 35 U.S.C. § 271(a). A non-limiting and exemplary claim chart comparing independent claims 1, 68, 85, and 89 of the '087 Patent to the Delta S54SS4P180PMDCF, including photographs and drawings where applicable, is attached as **Exhibit 2**, with supporting materials at **Exhibit 3**.

32. On information and belief, Delta also knowingly and intentionally induces infringement of at least claims 1–20, 24, 25, 28–39, 41–50, 60–62, 68–74, 76, 77, 80–85, 87–90,

and 94 of the '087 Patent in violation of 35 U.S.C. § 271(b). No later than as of the filing and service of this Complaint, Delta has had knowledge of the '087 Patent and the infringing nature of the accused Delta products. Despite this knowledge of the '087 Patent, Delta continues to actively encourage and instruct its customers and end users (for example, through its marketing and technical support) to use the accused Delta products in ways that directly infringe the '087 Patent literally and/or under the doctrine of equivalents. Delta does so knowing and intending that its customers and end users will commit these infringing acts. Delta also continues to make, use, import, offer for sale, and/or sell the accused Delta products, despite its knowledge of the '087 Patent, thereby specifically intending for and inducing its customers to infringe the '087 Patent through the customers' normal and customary use of the accused Delta products.

33. On information and belief, Delta also contributorily infringes the '087 Patent in violation of 35 U.S.C. § 271(c) by making, using, selling, offering to sell within the United States, and/or importing into the United States power converters, circuit board assemblies, and/or computing systems containing the same that incorporate or constitute a material part of the inventions claimed by the '087 Patent. Delta does so knowing that these components are especially made or especially adapted for uses that infringe the '087 Patent, and are not staple articles or commodities of commerce suitable for substantial non-infringing use.

34. Delta committed the foregoing infringing activities without license from Vicor. Delta's acts of infringement have damaged Vicor, as owner of the '087 Patent. Vicor is entitled to recover from Delta the damages it has sustained as a result of Delta's wrongful acts in an amount subject to proof at trial. Delta's infringement of Vicor's rights under the '087 Patent will continue to damage Vicor.

## DEMAND FOR JURY TRIAL

35.     Plaintiff Vicor hereby demands a jury trial for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Vicor requests entry of judgment in its favor and against Defendants as follows:

A.  Declaring that the Delta Defendants have each infringed United States Patent No. 12,395,087;

B.  Awarding damages to Plaintiff in an amount no less than a reasonable royalty for each Defendant's infringement of United States Patent No. 12,395,087, together with prejudgment and post-judgment interest and without limitation under 35 U.S.C. § 287;

C.  Declaring that the Delta Defendants' infringement of United States Patents No. 12,395,087 has been willful and deliberate, at least from the filing of this Complaint;

D.  Injunctive relief precluding the Delta Defendants from ongoing infringement of United States Patents No. 12,395,087, or, in the alternative, an ongoing royalty for each Defendant's continued infringement of United States Patent No. 12,395,087;

E.  Awarding attorney's fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law; and

F.  Awarding such other costs and further relief as the Court may deem just and proper.

Dated: January 9, 2026

Respectfully submitted,

*Oleg Elkhunovich*
Oleg Elkhunovich
California Bar No. 269238
SUSMAN GODFREY LLP
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067-6029
Telephone: (310) 789-3100

Facsimile: (310) 789-3150
Email: VICORII-ITC@susmangodfrey.com

Steven Seigel
Washington Bar No. 53960
Jenna Farleigh*
Washington Bar. No. 47392
Andres Healy
Washington Bar. No. 45578
SUSMAN GODFREY LLP
401 Union Street, Suite 3000
Seattle, Washington 98101-3000
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
Email: VICORII-ITC@susmangodfrey.com

Dinis Cheian*
New York Bar Registration No. 5958152
SUSMAN GODFREY LLP
One Manhattan West
New York, NY 10001-8602
Telephone: (212) 336-8330
Facsimile: (212) 336-8340
Email: VICORII-ITC@susmangodfrey.com

Isabella Soparkar*
Texas Bar No. 24150831
SUSMAN GODFREY LLP
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
Email: VICORII-ITC@susmangodfrey.com

Louis S. Mastriani*
DC Bar No. 386820
Lloyd Smith*
DC Bar No. 454606
Buchanan Ingersoll & Rooney PC
1700 K Street N.W., Suite 300
Washington, D.C. 20006-3807
Telephone: (202) 407-7900
Facsimile: (202) 452-7989
VICORII-ITC@bipc.com

Deron R. Dacus
State Bar No. 00790553
THE DACUS FIRM, P.C.
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Phone: (903) 705-1117

15

Facsimile: (903) 581-2543
ddacus@dacusfirm.com

S. Calvin Capshaw
Texas State Bar No. 03783900
ccapshaw@capshawlaw.com
Elizabeth L. DeRieux
Texas State Bar No. 05770585
ederieux@capshawlaw.com
CAPSHAW DERIEUX LLP
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: 903-845-5770

*Counsel for Vicor Corporation*

*\*pro hac vice pending*